IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN J. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL, et al.,<br><br>　　　　Defendants. | 1:09-CV-929  AWI DLB<br><br>ORDER VACATING SEPTEMBER 21, 2009, HEARING, ORDER ON DEFENDANTS'S MOTION TO DISMISS, and ORDER STRIKING DOCUMENT NO. 26<br><br>(Doc. Nos. 20, 26) |

　　Defendants filed a Rule 12(b)(6) Motion to Dismiss.  Hearing on the motion is set for September 21, 2009.  None of the Defendants have filed an answer in this case.  Plaintiff filed an Amended Complaint on September 4, 2009.  See Court's Docket Doc. No. 25.  On September 8, 2009, Plaintiff filed an additional Amended Complaint.  See id. at Doc. No. 26.

　　Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000).  "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995); see also Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th Cir. 2005).  Thus, where a motion to dismiss is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court. Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3.  An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

　　Here, the Defendants did not file answers, but instead filed a motion to dismiss.  As no

prior amended complaints have been filed, Plaintiff was entitled to file her amended complaint as a matter of course under Rule 15(a). The amended complaint supersedes the original complaint, and the original complaint is treated as non-existent. See Forsyth, 114 F.3d at 1474; Loux, 375 F.2d at 57. Since Defendants' motion attacks Plaintiff's original and now "non-existent" complaint, Defendants' motion is now moot.

However, there are two amended complaints in this case. The filing of a prior amendment extinguishes the right to amend as a matter of right. See Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 203 (7th Cir. 1985); Glaros v. Perse, 628 F.2d 679, 686 (1st Cir. 1980); Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202, 475 F.Supp.2d 1092, 1098 & n.4 (D. Kan. 2007); In re Crazy Eddie Sec. Litig., 792 F.Supp. 197, 203-204 (E.D. N.Y. 1992). If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect. See United States ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir. 2003); Murray v. Archambo, 132 F.2d 609, 612 (10th Cir. 1998); Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988); Gengler v. United States, 463 F. Supp.2d 1085,1093 (E.D. Cal. 2006); Stetz v. Reeher Enters., 70 F.Supp.2d 126, 127 n.1 (N.D. N.Y. 1999). Since the second amended complaint was filed without leave of court, and there is no indication of consent by the Defendants, the second amended complaint, document number 26, is a nullity and will be struck.

Accordingly, IT IS HEREBY ORDERED that:
1. The September 21, 2009, hearing is VACATED;
2. Defendants' motion to dismiss is DENIED as moot; and
3. Document Number 26 in the Court's Docket (the second amended complaint) is STRICKEN.

IT IS SO ORDERED.

**Dated:   September 15, 2009**           /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE