IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN J. JOHNSON,<br><br>    Plaintiff,<br>    v.<br><br>WASHINGTON MUTUAL, et al.,<br><br>    Defendants. | 1:09-CV-929  AWI DLB<br><br>ORDER ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. Nos. 54, 55, 59) |

Currently pending before this Court is a Rule 41(b) motion to dismiss by Defendants California Reconveyance Company, Mortgage Electronic Registration Systems, Inc., and J.P. Morgan Chase, an acquirer of certain assets and liabilities of Washington Mutual (collectively "Defendants").[1]  Also Pending is Plaintiff's motion to amend the complaint.  For the reasons that follow, Defendants' motion will be granted and Plaintiff's motion will be denied.

## BACKGROUND

On February 24, 2010, the Court granted Defendants' motion to dismiss and dismissed all

---

[1] There are other non-moving defendants in this case.  The Court emphasizes that a reference to "Defendants" is not a reference to all defendants in this case.  Rather, a reference to "Defendants" is a reference to California Reconveyance Company, Mortgage Electronic Registration Systems, Inc., and J.P. Morgan Chase, an acquirer of certain assets and liabilities of Washington Mutual.

claims alleged against them in the Second Amended Complaint ("SAC").[2]  See Court's Docket Doc. No. 53.  Specifically, the Court dismissed the second, third, fourth, sixth, seventh, and tenth causes of action.  See id.  The dismissal order gave Plaintiff twenty days in which to file an amended complaint that was consistent with the dismissal order.  See id.  Plaintiff failed to do so.

On March 17, 2010, Defendants filed a Rule 41(b) motion to dismiss.  The basis for the motion was Plaintiff's failure to amend her complaint in the time provided by the dismissal order.

On April 21, 2010, Plaintiff filed several documents.  Plaintiff filed a non-opposition to the dismissal of the first and fourth causes of action against the Defendants.[3]  See id. at Doc. No. 58.  Similarly, Plaintiff also filed a notice of dismissal that purports to dismiss only the first and fourth claims against the Defendants.  See id. at Doc. Nos. 57, 60, 61.[4]  Finally, Plaintiff filed a motion to amend.  See id. at Doc. No. 59.  Plaintiff has attached a copy of the proposed third amended complaint ("TAC").

On April 26, 2010, Defendants responded to Plaintiff's motion to amend.

### PLAINTIFF'S MOTION TO AMEND

*Plaintiff's Argument*

Under Rule 15, amendments are to be allowed liberally.  The proposed TAC would not prejudice Defendants because the TAC removes causes of action, reduces issues, clarifies parties, and corrects typographical errors.  The TAC also removes all federal causes of action and only

---

[2] In the motion to amend, Plaintiff states that the Court dismissed the first amended complaint.  This is not correct.  The original complaint was filed by Plaintiff on May 28, 2009.  Plaintiff amended that complaint as a matter of right on September 4, 2009, which would be the First Amended Complaint.  See Court's Docket Doc. No. 25.  On October 19, 2009, after receiving permission from the Court to file a complaint to be entitled "second amended complaint," see Court's Docket Doc. No. 31, an additional amended complaint was filed.  This was the SAC, and this was the complaint that was partially dismissed by the Court on February 24, 2010.

[3] This non-opposition is puzzling since Defendants have never moved to dismiss the first causes of action (for the federal Truth In Lending Act claim) because that claim is not alleged against them.  Further, the fourth cause of action (for the federal Real Estate Settlement Practices Act) is against WAMU and 1st Choice Mortgage only.

[4] Document 57 was mislabeled on the docket, Document 60 pointed out the mislabeling, and Document 61 corrected the labeling.

2

state law claims would remain.  Plaintiff states that she would have no objection to the Court declining to exercise supplemental jurisdiction and dismissing the case without prejudice.

*Defendants' Response*

Defendants argue that Plaintiff is playing procedural games.  Plaintiff's motion should be disregarded as it was untimely filed.  Plaintiff did not file her amended complaint within twenty days of the dismissal order.  The parties have engaged in extensive and expensive motions practice for nearly a year and have not conducted substantive discovery or settlement negotiations.  The request to dismiss is nonsensical since the Court already dismissed the entire complaint.  Further, the proposed TAC is flawed.  Plaintiff's motion should be denied.

*Legal Standard*

When a party may no longer amend a pleading as a matter of right under Rule of Civil Procedure 15(a)(1), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. Pro. 15(a)(2); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).  Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. Pro. 15(a)(2); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).  "This policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  However, a court may deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of amendment."  Zucco, 552 F.3d at 1007; Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).  Prejudice to the defendant is the most important factor, but amendment may be denied upon a sufficiently strong showing of other factors.  See Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300.  Where a plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the "district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at

1007; Rubke v. Capital Bancorp, Ltd., 551 F.3d 1156, 1157 (9th Cir. 2009); Metzler Inv. GmbH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008).

*Discussion*

As an initial matter, Plaintiff's notice of dismissal of the two federal causes of action appears to be an attempt to utilize Rule 41(a)(1)(A)(i). However, a plaintiff may not use Rule 41(a)(1)(A)(i) "to dismiss, unilaterally, a single claim from a multi-claim complaint." Hells Canyon Pres. Council v. United States Forest Services, 403 F.3d 683, 687 (9th Cir. 2005); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988). "Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings." Hells Canyon, 403 F.3d at 687. Therefore, Plaintiff's attempt to dismiss the two federal causes of action through Rule 41(a)(1)(A)(i) is ineffective.[5]

With respect to the motion to amend, Plaintiff is correct that leave to amend under Rule 15(a)(2) is liberally given. However, leave to amend in this case is not appropriate. The Court has reviewed the proposed TAC, and Plaintiff has indeed deleted the only two federal claims that are in the SAC. The TAC contains only state law claims. The state law causes of action against the Defendants in the TAC are the same state law causes of action that are alleged against the Defendants in the SAC, and the factual allegations against Defendants in the SAC and TAC are identical. The problem is that the Court previously analyzed these very allegations and causes of action, found them to be insufficient, explained their deficiencies, and dismissed each of the causes of action against Defendants. Despite this, the TAC has made no changes. In essence, the TAC is the SAC, only minus the federal claims. The Court sees no attempt by Plaintiff to address the problems that had been identified in the dismissal order. Because the TAC cures none of the failures of the SAC, allowing the TAC to be filed would be futile. Also, the Court gave Plaintiff an opportunity to file an amended complaint, but Plaintiff chose not to do so. Plaintiff makes no attempt to explain why she did not file an amended complaint within the

---

[5] The Court notes that the attempt to dismiss the two federal causes of action was not done through a filed stipulation between the parties, but was instead a "unilateral" attempt by Plaintiff.

4

twenty-day time period set by the dismissal order. In light of Plaintiff's failure to timely file an amended complaint, and more importantly the futility of the TAC which addresses none of the deficiencies identified in the previous dismissal order, the Court will not grant Plaintiff leave to file the proposed TAC. See Zucco, 552 F.3d at 1007; Rubke, 551 F.3d at 1157; Metzler Inv.. 540 F.3d at 1072.

## DEFENDANTS' MOTION

*Defendants' Argument*

Defendants argue that the Court previously dismissed the claims against them with leave to amend. However, Plaintiff did not file an amended complaint within the time allotted. Since Plaintiff failed to comply and has not amended her complaint, Plaintiff is not prosecuting her case and dismissal of the entire complaint with prejudice is appropriate under Rule 41(b).

*Plaintiff's Response*

Plaintiff does not directly address this motion, but, as discussed above, moved to file an amended complaint.

*Discussion*

Defendants are mostly correct. On February 24, 2010, the Court granted Defendants' motion to dismiss and dismissed all claims against Defendants with leave to amend. See Court's Docket Doc. No. 53. Again, Plaintiff was given twenty days to file an amended complaint, but no amended complaint was filed. Further, as discussed above, Plaintiff's late request to file the proposed TAC is unavailing since the TAC addresses none of the problems with the state causes of action that were identified in the previous dismissal order. When a court dismisses a claim with leave to amend, but the plaintiff fails to file an amended complaint, the court may then convert the dismissal into one with prejudice under Rule 41(b). Toyota Landscape Co., Inc. v. Building Material and Dump Truck Local 420, 726 F.2d 525, 528 (9th Cir. 1984). Because Plaintiff has not filed an amended complaint, and the proposed TAC is a futility, it is appropriate to convert the Court's previous dismissal into a dismissal with prejudice. See id.

However, the Court will not dismiss the entire complaint as Defendants request.

Contrary to Defendants' assertion, the entire SAC was not dismissed. Instead, as the dismissal order clearly states, the second, third, fourth, sixth, seventh, and tenth causes of action against these Defendants were dismissed. The order did not mention the other non-moving defendants or the first, fifth, eighth, and ninth causes of action. Therefore, dismissal with prejudice will be limited to these moving Defendants.

## CONCLUSION

Plaintiff moves to file an amended complaint, the Defendants move to dismiss under Rule 41(b). Plaintiff's motion is denied because the proposed TAC does not cure the previously identified deficiencies, and Plaintiff was given the opportunity to cure, but did not take it. Defendants' motion will be granted because Plaintiff did not file an amended complaint and her proposed amended complaint is a futility. However, only these moving Defendants will be dismissed because the previous dismissal order did not dismiss non-moving defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file an amended complaint is DENIED;
2. Defendants' Rule 41(b) motion to dismiss is GRANTED; and
3. Defendants Washington Mutual, J.P. Morgan Chase, California Reconveyance Company, and Mortgage Electronic Registration Systems, Inc. are DISMISSED from this case WITH PREJUDICE.

IT IS SO ORDERED.

Dated:   May 4, 2010                       /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE