**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GWENDOLYN J. JOHNSON, | ) | 1:09cv0929 AWI DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| WASHINGTON MUTUAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Gwendolyn J. Johnson ("Plaintiff"), appearing through counsel, filed this civil action on May 28, 2009. The Second Amended Complaint ("SAC"), filed on October 19, 2009, is the current operative complaint.

In the SAC, Plaintiff named Washington Mutual, IndyMac, F.S.B., Cameron Financial Group, Inc., dba 1st Choice Mortgage, California Reconveyance Company, Mortgage Electronic Registration Systems, Inc., U.S. Bank, National Association as Trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2006-AR5, LaSalle Bank, National Association as trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2006-AR5, JPMorgan Chase Bank, National Association, Successor in interest to WAMU Bank, FA, IZT Mortgage, Inc., dba Ameritech Mortgage, Zoran Trajanovich, Irina Trajanovich, Brenda Frazier, and Earl Shannon Faries as Defendants.

On May 4, 2010, Defendants J. P. Morgan Chase, California Reconveyance Company, and Mortgage Electronic Registration Systems, Inc. were dismissed from the case with prejudice. No other named defendants have appeared in this action.

Due to the dismissal with prejudice, and because no other defendants had appeared, the Court took the June 29, 2010, scheduling conference off calendar.  The Court also ordered Plaintiff to take the default or file dismissals without prejudice of the remaining defendants on or before July 14, 2010.  Plaintiff has failed to do so.

For the reasons discussed below, the Court recommends that this action be dismissed for failure to follow a Court order and failure to prosecute this action.

## DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

1   their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831;
2   Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
3   46 F.3d at 53.
4        In the instant case, the Court finds that the public's interest in expeditiously resolving this
5   litigation and the Court's interest in managing the docket weigh in favor of dismissal.  This case
6   has been pending since May 28, 2009.  Plaintiff has been given opportunities to cure deficiencies
7   in her complaint.  Plaintiff also has been given ample time to serve the remaining defendants or,
8   as appropriate, take their default or file dismissals.  She has not done so.  The third factor, risk of
9   prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises
10  from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc.,
11  542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
12  cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
13  herein.  Finally, a court's allowance of additional time may be considered an attempt at a less
14  drastic sanction than that of outright dismissal. Ferdik, 963 F.2d at 1262.  As stated, Plaintiff has
15  been given multiple opportunities to correct the deficiencies in her complaint.  She has had
16  sufficient time to serve the remaining defendants in this action.  In addition, the Court expressly
17  granted her time to take the default or file dismissals as to the remaining defendants, which she
18  has not done.

19                               **RECOMMENDATION**
20       Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for
21  failure to follow a court order and for failure to prosecute this action.
22       These findings and recommendations will be submitted to the Honorable Anthony W.
23  Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after
24  being served with these Findings and Recommendations, Plaintiff may file written objections
25
26
27
28

1 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
2 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
3 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
4 (9th Cir. 1991).

     IT IS SO ORDERED.

     Dated:   **July 19, 2010**            **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE